Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY FARMER, <br><br> Plaintiff, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, ALLY FINANCIAL, CHASE MTG., FIRST TENNESSEE BANK, WELLS FARGO, WELLS FARGO BANK NA, AND WELLS FARGO FINANCIAL CARDS, <br><br> Defendants. | Case No.: 2:17-cv-01669-APG-VCF <br><br> **STIPULATED PROTECTIVE ORDER** |

/ / /

[Proposed] Stipulated Protective Order - 1
32763635V1

IT IS HEREBY STIPULATED by and between Plaintiff TIMOTHY FARMER ("Plaintiff"), and Defendants EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; ALLY FINANCIAL; WELLS FARGO; WELLS FARGO BANK N.A.; WELLS FARGO FINANCIAL CARDS and FIRST TENNESSEE BANK, (collectively, the "Parties"), by and through their counsel of record, as follows:[1]

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" or "Confidential – Attorney's Eyes Only" (hereinafter collectively referred to as "Confidential Information").

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other

---

[1] Defendant Chase Mtg., ("JP Morgan Chase Bank, N.A.") (hereinafter, "Chase"), and Plaintiff have filed a notice of settlement, and Chase did not participate in the telephonic conference.

[Proposed] Stipulated Protective Order - 2
32763635V1

papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential Information," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rules.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential Information hereunder), shall not be used, directly or indirectly, by any person, including Plaintiff, Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union LLC, Ally Financial, Chase Mtg., Wells Fargo, Wells Fargo Bank Na, and Wells Fargo Financial Cards for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection

[Proposed] Stipulated Protective Order - 3
32763635V1

with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure; and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom Confidential Information is disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential Information."

9. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential – Attorney's Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential – Attorney's Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than (a) the Court and its officers, and (b) counsel for the parties. Materials designated "Confidential – Attorney's Eyes Only" may not be shared with the party's respective clients, and may be shared with that party's expert and/or expert rebuttal witness (whoever is designated) only after the

[Proposed] Stipulated Protective Order - 4
32763635V1

parties meet and confer on the matter. In no event will anyone other than the party's attorneys as well as the Court and its officers view the document until the attached Declaration of Compliance has been signed.

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential Information," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

12. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential Information" subject to the provisions of this Protective Order. **The designating party shall have the burden of proving that any document designated as CONFIDENTIAL INFORMATION is entitled to such protection.**

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14. The Court retains the right to allow disclosure of any subject covered by this

[Proposed] Stipulated Protective Order - 5
32763635V1

stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO STIPULATED**.

Dated: September 20, 2017

| | |
|---|---|
| /s/ *Miles N. Clark* <br> Matthew I. Knepper, Esq. <br> Nevada Bar No. 12796 <br> Miles N. Clark, Esq. <br> Nevada Bar No. 13848 <br> KNEPPER & CLARK LLC <br> Email: matthew.knepper@knepperclark.com <br> Email: miles.clark@knepperclark.com <br><br> David H. Krieger, Esq. <br> Nevada Bar No. 9086 <br> HAINES & KRIEGER, LLC <br> Email: dkrieger@hainesandkrieger.com <br><br> *Counsel for Plaintiff* | /s/ *Jennifer Braster* <br> Jennifer L. Braster, Esq. <br> Nevada Bar No. 9982 <br> Andrew J. Sharples, Esq. <br> Nevada Bar No. 12866 <br> NAYLOR & BRASTER <br> Email: jbraster@naylorandbrasterlaw.com <br> Email: asharples@naylorandbrasterlaw.com <br><br> Edward San Chang, Esq. (Pro Hac Vice) <br> JONES DAY <br> 3161 Michelson Dr Ste 800 <br> Irvine, CA 92612 <br> Email: echang@jonesday.co <br><br> *Counsel for Defendant* <br> *Experian Information Solutions, Inc.* |
| /s/ *Bradley T. Austin* <br> Bradley T. Austin, Esq. <br> Nevada Bar No. 13064 <br> SNELL & WILMER LLP <br> 3883 Howard Hughes Pkwy., Ste. 1100 <br> Las Vegas, NV 89169 <br> Email: baustin@swlaw.com <br><br> *Counsel for Defendant* <br> *Equifax Information Services, LLC* | /s/ *Jason Revzin* <br> Jason Revzin, Esq. <br> Nevada Bar No.8629 <br> LEWIS BRISBOIS BISGAARD & SMITH <br> 6385 S. Rainbow Blvd., Suite 600 <br> Las Vegas, NV 89118 <br> Email: Jason.revzin@lewisbrisbois.com <br><br> *Counsel for Defendant* <br> *Trans Union LLC* |
| /s/ *Gregg A. Hubley* <br> Gregg A. Hubley, Esq. <br> Nevada Bar No. 7386 <br> BROOKS HUBLEY LLP <br> 1645 Village Center Circle, Ste. 200 <br> Las Vegas, NV 89134 <br> Email: ghubley@brookshubley.com <br> *Counsel for Defendant Ally Financial* | /s/ *Kent F. Larsen* <br> Kent F. Larsen, Esq. <br> Nevada Bar No. 3463 <br> SMITH LARSEN & WIXOM <br> 1935 Village Center Circle <br> Las Vegas, NV 89134 <br> Email: kfl@slwlaw.com <br> *Counsel for Defendant JP Morgan Chase Bnak, N.A., improperly sued as Chase Mtg.* |

[Proposed] Stipulated Protective Order - 6
32763635V1

| /s/ *Kelly H. Dove* | /s/ *Rex D. Garner* |
|---|---|
| Kelly H. Dove, Esq. | Rex D. Garner, Esq. |
| Nevada Bar No. 10569 | Nevada Bar No. 9401 |
| Tayna N. Lewis, Esq. | AKERMAN LLP |
| Nevada Bar No. 8855 | 1160 Town Center Dr., Suite 330 |
| SNELL & WILMER L.L.P. | Las Vegas, NV 89144 |
| 3883 Howard Hughes Parkway | Email: rex.garner@akerman.com |
| Las Vegas, NV 89169 | *Counsel for Defendant First Tennessee Bank* |
| Email: kdove@swlaw.com | |
| Email: tlewis@swlaw.com | |
| *Counsel for Defendants* | |
| *Wells Fargo, Wells Fargo Bank N.A., and Wells Fargo Financial Cards* | |

## STIPULATED PROTECTIVE ORDER

**IT IS SO ORDERED.**

Dated: September 21, 2017

_____
UNITED STATES MAGISTRATE JUDGE

*Farmer v. Experian Information Solutions, Inc. et al*
2:17-CV-01669-APG-VCF

[Proposed] Stipulated Protective Order - 7
32763635V1

# EXHIBIT A

# DECLARATION OF COMPLIANCE

**(Farmer v. Experian Information Solutions, Inc. et al; 2:17-cv-01669-APG-VCF)**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this \_\_\_\_ day of _____, 2017 at _____.

_____
QUALIFIED PERSON

[Proposed] Stipulated Protective Order - 9
32763635V1